Filed 1/7/15  Ningbo Pilotdoer Wheel v. Lee CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NINGBO PILOTDOER WHEEL CO., LTD., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> JENNY LEE, <br><br>     Defendant and Respondent. | B249461 <br><br> (Los Angeles County Super. Ct. No. BC472596) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard L. Fruin, Judge.  Affirmed.

Law Office of Lawrence P. House and Lawrence P. House for Plaintiff and Appellant.

Wagenseller Law Firm and Laine T. Wagenseller for Defendant and Respondent.

———————————

Plaintiff Ningbo Pilotdoer Wheel Co., Ltd. (the Company) appeals from a judgment of dismissal following the trial court's order granting defendant Jenny Lee's motion for judgment on the pleadings as to the Company's first amended complaint (operative complaint) to set aside a fraudulent conveyance under the Uniform Fraudulent Transfer Act (UFTA, or the Act) (Civ. Code, § 3439 et seq.).[1]  In a prior action, the Company sued Frank Lee, Jenny's father,[2] and two companies allegedly under his control.  The Company obtained a judgment in the prior action against one of the companies, Dooray Wheels, Inc. (Dooray Wheels).  Although the Company pleaded in the prior action that Frank was individually liable and liable as the alter ego of Dooray Wheels, judgment was entered in his favor with no express findings regarding his alter ego liability.  The Company brought this action against Frank and Jenny seeking to collect the judgment on the theory that Frank is the alter ego of the judgment debtor (Dooray Wheels), and fraudulently transferred assets to Jenny to avoid creditors.

Initially, the trial court overruled Jenny's demurrer to the operative complaint, asserting collateral estoppel as a defense because she had not established that Frank's alter ego liability actually had been litigated in the prior action.  When Frank filed a demurrer to the operative complaint raising the doctrine of res judicata as an absolute bar to the instant action, the trial court agreed, and sustained the demurrer without leave to amend.  In so ruling, the trial court admitted error in overruling Jenny's demurrer, invited Jenny to file the motion again, and granted her motion for judgment on the pleadings.

In this case, we conclude the trial court had inherent authority to revisit its prior interim ruling on Jenny's demurrer, notwithstanding that the requirements of Code of Civil Procedure section 1008 were not satisfied.  We also conclude the operative complaint does not state a cause of action under the UFTA because the judgment in

---

[1]  Undesignated statutory references are to the Civil Code.

[2]  Because both Jenny Lee and Frank Lee are named defendants, we use their first name in this opinion for purposes of clarity.  We mean no disrespect.  Jenny Lee is also known as "Jenny Lee Merris."

2

Frank's favor in the prior action bars relitigation of his alter ego liability in this action. Therefore, the operative complaint does not allege a transfer by the debtor of property as required to maintain a cause of action under the UFTA. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[3]

The instant action to set aside a fraudulent conveyance follows a prior action in which the Company sued Frank, Dooray Wheels, and Lions Wheel Industrial Corporation (Lions Wheel). Both actions allege Frank's alter ego liability.

a. *The Prior Action Alleging Alter Ego Liability on Contract Claims*

In 2006, the Company entered into a business relationship with Frank, and his companies, Dooray Wheels and Lions Wheel, to deliver aftermarket automotive wheels and rims. When the goods were delivered and the invoices went unpaid, the Company filed an action entitled *Ningbo Pilotdoer Wheel Co., Ltd. v. Lions Wheel Industrial Corporation, et al.* (Super. Ct. L.A. County, 2008, No. BC400438) against Frank, Dooray Wheels, and Lions Wheel, asserting claims for breach of contract and a common count (goods sold and delivered). The Company alleged that Frank was liable on each cause of action. As an alternative theory of liability, the Company also alleged that Frank was the alter ego of Lions Wheel, and Dooray Wheels.

---

[3] The trial court initially overruled a demurrer and when it revisited the issue, the trial court treated the motion as a motion for judgment on the pleadings. A demurrer admits, provisionally for purposes of testing the pleading, all material facts properly pleaded. Accordingly, we draw the facts, which we accept as true, from the operative complaint and also facts of which we may take judicial notice. (*Gervase v. Superior Court* (1995) 31 Cal.App.4th 1218, 1224; see also *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We do not, however, accept the truth of contentions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Likewise, a motion for judgment on the pleadings accepts as true the allegations in the complaint for the limited purpose of determining whether the plaintiff has stated a viable cause of action. (*Lori Rubinstein Physical Therapy, Inc. v. PTPN, Inc.* (2007) 148 Cal.App.4th 1130, 1133, fn. 1.)

On June 29, 2010, after a court trial, the Honorable Richard L. Fruin signed and entered a judgment in favor of the Company and against Dooray Wheels, awarding the Company $1,076,894 in damages (Dooray Wheels judgment). Judgment was entered in Frank's favor on the "claims" asserted by the Company. (See fn. 4, *post*.) The Dooray Wheels judgment is final.

b. *The Instant Action Alleging Alter Ego of the Judgment Debtor*

In 2011, the Company filed a fraudulent conveyance action in an attempt to collect on the Dooray Wheels judgment. In the operative complaint, Frank is alleged to be the alter ego of Dooray Wheels and transferred his residence to Jenny to avoid his own creditors, and Dooray Wheels' creditors.

Jenny appears on title as the owner of Frank's residence. She allegedly purchased the residence in October 2002 for $914,000, of which more than $600,000 was paid in cash. The Company alleges, on information and belief, in 2002 when the residence was transferred to Jenny, she had not completed college or law school and could not have accumulated "over a half million dollars in liquidity" to purchase the residence.

In July 2006, Jenny transferred the residence to her mother, who thereafter transferred title to the family trust that Frank allegedly established to avoid his creditors. Almost two years later, in September 2008, Frank transferred title to the residence from the family trust to Jenny.

These transfers allegedly were fraudulent and made with actual intent to avoid Frank's creditors. It is alleged that the 2006 and 2008 transfers of the residence were made without consideration when Frank intended to incur, or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. Sufficient equity exists in the residence, but it is beyond the Company's reach to levy upon to partially satisfy the Dooray Wheels judgment.

## 2. *Proceedings*

### a. *Trial Court Overrules Jenny's Demurrer*

Jenny filed a demurrer to the operative complaint on the ground that the issue of whether Frank was the alter ego of Dooray Wheels had been alleged and litigated in the prior action. In opposition to the demurrer, the Company requested that Judge Fruin take judicial notice of the hearing on the demurrer to the initial complaint. A different judge had sustained the demurrer with leave to amend, concluding that he could not determine as a matter of law that alter ego liability actually had been litigated in the prior action.

On April 12, 2012, at the hearing on the demurrer to the operative complaint, Judge Fruin noted that the matters upon which he could take judicial notice did not indicate that in the prior action the issue of Frank's alter ego liability actually was litigated. Judge Fruin stated: "The judgment that . . . I signed was [i]nartful, but there would have to be actual evidence upon which I made a decision favorable to [Frank] Lee before collateral estoppel would apply." Thereafter, Judge Fruin overruled the demurrer.

### b. *Trial Court Sustains Frank's Demurrer Without Leave to Amend*

After Frank had been served with the operative complaint, he filed a demurrer on the ground that the action was barred by res judicata. He argued that res judicata did not require a showing that the issue actually was litigated only that the issue of his alter ego liability could have been litigated.

On December 10, 2012, Judge Fruin sustained the demurrer without leave to amend, concluding res judicata barred the instant action against Frank. Judge Fruin reasoned that in this action, just as in the prior action, it was alleged that Frank is the alter ego of Dooray Wheels. Citing *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896-897, Judge Fruin concluded that it did not matter whether there was any evidence offered in the prior action to prove or disprove the alter ego allegations because that theory of liability had been "subsumed within the judgment" in favor of Frank and against the Company.

5

Although Judge Fruin's ruling on Frank's demurrer is not at issue in this appeal, Judge Fruin also acknowledged in his order sustaining Frank's demurrer that he erred in overruling Jenny's demurrer. "Plaintiff argues that the demurrer previously filed by Frank Lee's daughter raises the same issues presented in Frank Lee's demurrer. The court agrees and concludes that it wrongly overruled that demurrer. The court invites defendant Jenny Lee to seek reconsideration of that ruling." (Footnote omitted.)

      c. *Trial Court Grants Jenny's Motion for Judgment on the Pleadings*

On April 8, 2013, Judge Fruin reconsidered Jenny's demurrer, deeming the demurrer a motion for judgment on the pleadings, and granted the motion. Judge Fruin's ruling states that "[w]hether or not the alter ego liability was litigated, a judgment was entered in favor of Frank Lee in the prior action. The only basis for his liability was the allegation that he was the alter ego of the party liable on the contract (Dooray Wheels, Inc.), and as against that allegation he was found not liable. Issue preclusion therefore works in his favor in this subsequent lawsuit."[4]

---

[4]     The trial court's order incorrectly stated that alter ego liability was the only theory alleged against Frank in the prior action. The Company also alleged that Frank was personally liable on the contracts. The judgment states: "Judgment is entered in favor of Defendants Frank Lee and Lions Wheel Industrial Corporation with respect to the claims alleged in the Second Amended Complaint of Plaintiff Ningbo Pilotdoer Wheel Co., Ltd."

d. *Judgment of Dismissal, Appeal*

The trial court entered judgment in favor of Jenny. The judgment states: "[B]ecause Frank Lee is not liable on a debt owed to Plaintiff, he is therefore not a debtor and not the source of a fraudulent transfer. Because Frank Lee has been dismissed, this derivative action against Jenny Merris (improperly sued as Jenny Lee) must also fail."[5]

This timely appeal followed.

## DISCUSSION

1. *The Trial Court has Inherent Authority to Reconsider its Prior Interim Ruling*

Citing Code of Civil Procedure section 1008, the Company contends the trial court lacked jurisdiction to reconsider its interim ruling to overrule Jenny's demurrer because the jurisdictional requirements of subdivision (e) were not satisfied as the second motion did not present new or different facts, circumstances or law.[6] Subdivision (e) of Code of Civil Procedure section 1008 provides that "[n]o application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." This language, however, does not restrict a trial court from sua sponte reconsidering its interim orders. As we stated in *Abassi v. Welke* (2004)

---

[5] The Company asserts as a claim of error that Judge Fruin did not rule on its objections to the proposed judgment before signing the judgment. The Company failed to present argument on this issue in its opening brief and has waived the issue on appeal. (*Dieckmeyer v. Redevelopment Agency of Huntington Beach* (2005) 127 Cal.App.4th 248, 260.)

[6] The motion did not qualify as a motion for reconsideration under Code of Civil Procedure section 1008, subdivision (a), having been brought more than a year after the order overruling Jenny's demurrer to the operative complaint. Subdivision (b) of Code of Civil Procedure section 1008 addresses renewal motions and states in pertinent part: "A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. . . ."

7

118 Cal.App.4th 1353, 1359-1360, and *Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 175, 179, 185, trial courts have inherent authority to review their prior interim rulings. A court may invite a party to renew its motion to reassess its prior interim ruling. (*Abassi v. Welke*, at p. 1360.) The only requirement of the court is that it exercises due consideration before modifying, amending, or revoking its prior order. (*Ibid.*) As was the case in *Abassi*, here, the parties had an opportunity to brief the issue, and a hearing was held. Thus, Judge Fruin exercised due consideration before amending his previous interim ruling and granting the motion for judgment on the pleadings.

Citing *Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, the Company appears to contend that despite Judge Fruin's inherent authority, the provisions of Code of Civil Procedure section 1008 apply to all renewed motions. *Kerns* does not so hold. In *Kerns*, the court made clear that the "procedural prerequisite set forth for reconsideration of orders and renewal of motions previously denied *are jurisdictional as applied to the actions of parties to civil litigation.*" (*Kerns v. CSE Ins. Group*, at p. 391, italics added.) As applied in that case, the verbatim reapplication for summary judgment was not on the court's own motion but instead brought by the parties, and thus the provisions of Code of Civil Procedure section 1008 were jurisdictional and controlling. Here, as previously noted, Judge Fruin, not the parties, invited a second motion to reassess his prior interim ruling. Judge Fruin had inherent authority to hear this invited motion.

2. *The Trial Court Properly Granted the Motion for Judgment on the Pleadings*

The Company contends the trial court erred in granting the motion for judgment on the pleadings because the operative complaint in the instant action sufficiently alleges a fraudulent conveyance by a debtor based upon the allegations that Frank is the alter ego of the judgment debtor Dooray Wheels. Accepting that allegation as true, the facts upon which we may take judicial notice indicate that the judgment in Frank's favor in the prior action bars relitigation of his alter ego liability. Therefore, the operative complaint fails to allege a transfer by a debtor as required under the UFTA.

8

a. *Standard of Review*

" 'Review of a judgment on the pleadings requires the appellate court to determine, de novo and as a matter of law, whether the complaint states a cause of action.' " (*Third Eye Blind, Inc. v. Near North Entertainment Ins. Services, LLC* (2005) 127 Cal.App.4th 1311, 1317.) "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and facts of which judicial notice can be taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context." (*Zenith Ins. Co. v. O'Connor* (2007) 148 Cal.App.4th 998, 1006.)

" 'If all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer [or grant a motion for judgment on the pleadings]. [Citation.] In ruling on a demurrer [or motion for judgment on the pleadings] based on res judicata, a court may take judicial notice of the official acts or records of any court in this state. [Citations.]' [Citation.]" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 225.)

b. *Fraudulent Transfers*

"The UFTA permits defrauded creditors to reach property in the hands of a transferee." (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) "A fraudulent conveyance is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." (*Yaesu Electronics Corp. v. Tamura* (1994) 28 Cal.App.4th 8, 13.) The purpose of the fraudulent transfer statute is " 'to prevent debtors from placing property which legitimately should be available for the satisfaction of demands of creditors beyond their reach[.]' " (*Chichester v. Mason* (1941) 43 Cal.App.2d 577, 584.)

The elements of a fraudulent conveyance are set forth in section 3439.04, subdivision (a) of the UFTA: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer

9

was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:  [¶]  (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.  [¶]  (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:  [¶]  (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.  [¶]  (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."  Section 3439.04, subdivision (b) lists other factors in determining intent.  Whether a conveyance was made with fraudulent intent is a question of fact.  (*Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 834.)

For purposes of the UFTA, a debtor is defined as "a person who is liable on a claim."  (§ 3439.01, subd. (e).)  A claim, in turn, is defined as a "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  (§ 3439.01, subd. (b).)

c.  *The Instant Action Does Not State a Cause of Action Because the Company is Barred from Relitigating Frank's Alter Ego Liability*

" 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, *prevents relitigation of the same cause of action in a second suit* between the same parties or parties in privity with them.  Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and *decided in prior proceedings*.' "  (*Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 896, italics added.)

" ' "The prerequisite elements for applying the doctrine to either an entire cause of action [claim preclusion] or one or more issues [issue preclusion] are the same:  (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a

10

party to the prior proceeding. [Citations.]" ' [Citation.]" (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)

The Company contends that the final judgment in Frank's favor in the prior action does not bar this fraudulent conveyance action in which it is alleged that Frank is the alter ego of the judgment debtor. We disagree. For purposes of our analysis of the necessary elements of claim preclusion, we take judicial notice of court records, including the complaint in the prior action, the judgment in Frank's favor, and the trial court's order sustaining Frank's demurrer in the instant action. (Evid. Code, § 452, subd. (c).) Our focus is on the first two elements of claim preclusion. Here, the third element is satisfied because the party against whom the doctrine is being asserted (the Company) was a party in the prior action in which Frank's alter ego liability was raised.[7]

### (1).    *Alter Ego Liability is Identical*

The Company argues that the first element of res judicata is not satisfied because the prior action sought damages for breach of contract against Frank, and as the alter ego of Dooray Wheels, while the instant action alleges a fraudulent conveyance by Frank as the alter ego of the judgment debtor Dooray Wheels. These are distinct legal theories based upon Frank's alter ego liability.

A "cause of action" in California is defined by the primary right theory. (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 575-576.) " ' "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary

---

[7]    The Company focuses on the elements of collateral estoppel, as did the trial court initially when evaluating the merits of the demurrer, because Jenny was not a party in the prior action. Res judicata prohibits a second suit between the same parties or parties in privity based upon the same cause of action. (*Boeken v. Philip Morris USA, Inc.*, *supra*, 48 Cal.4th at p. 792.) The viability of the Company's fraudulent conveyance cause of action against Jenny, the transferee, is dependent upon pleading that Frank, as the transferor, is a debtor as the alter ego of Dooray Wheels. Thus, our analysis turns on whether the judgment in the prior action bars relitigation of Frank's alter ego liability. Jenny is not estopped from asserting that the operative complaint fails to state a cause of action because the Company cannot plead that Frank is a debtor under the UFTA.

11

right gives rise to but a single cause of action." . . . " 'If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it . . . . The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence, the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable. . . .' " ' " (*Id.* at pp. 575-576.)

Under the primary right theory, the determinative factor is the harm or injury suffered. (*Villacres v. ABM Industries Inc.*, *supra*, 189 Cal.App.4th at p. 577.) " 'As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. . . . It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." . . . The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief . . . ." ' " (*Ibid.*)

In the prior action, the harm alleged by the Company was a breach of the contractual obligations of Frank, Dooray Wheels, and Lions Wheel to pay for automotive wheels and rims delivered; the corresponding primary right was to receive payment for those goods. Additionally, as to Frank, the harm suffered was his alter ego conduct for which the corporate form (Dooray Wheels and Lions Wheel) was used to escape his personal liability for payment of the goods delivered; the corresponding primary right was to receive payment for the goods delivered.

In the instant action, the Company is again alleging the harm suffered is Frank's alter ego conduct (before judgment was entered in the prior action) for which the corporate form is being used to deprive the Company of the ability to collect on the judgment against Dooray Wheels. Although the Company has now reduced the injury to a judgment, the judgment did not change the nature of the injury, that is, Frank's alter ego

12

conduct to hide behind the corporate form to escape personal liability to pay for automotive wheels and products delivered.

The Company contends, however, that alter ego liability in the prior action was not properly alleged or actually litigated, a claim raised and rejected by the trial court when ruling on Frank's demurrer to the operative complaint. Res judicata bars not only issues that actually were litigated in the prior action but also issues that could have been litigated, so long as the later-raised issues constitute the same cause of action involved in the prior action. (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202.)

Moreover, the judgment in the prior action is in Frank's favor on all "claims" asserted by the Company. In the prior action, the Company alleged that all of the defendants were liable on both claims for breach of contract and a common count for goods sold and delivered. Because the invoices attached to the pleading were addressed to Dooray Wheels, Frank could not have been liable unless the corporate form was pierced and it was determined that he was the alter ego of Dooray Wheels. Based upon a review of the court record, a finding in Frank's favor necessarily is a finding that he was not liable on those invoices under either theory.

(2). *The Judgment is Final and on the Merits*

In a slight variation of the argument raised above, the Company next argues the second element of res judicata is not satisfied because there was no decision on the merits of Frank's alter ego liability. The final judgment in Frank's favor "on the claims" asserted by the Company in the prior action bars further litigation of Frank's liability as the alter ego of Dooray Wheels. A prior judgment for the defendant on the same cause of action is a complete bar to the new action. (See *Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 866-867.)

Because all three elements needed to apply res judicata are present, Frank is not, as a matter of law a "debtor" under the UFTA. Accordingly, the operative complaint

13

does not allege a necessary element to plead a fraudulent conveyance cause of action. Thus, the trial court did not err in granting the motion for judgment on the pleadings.

DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

KUSSMAN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.

14